JAMES H. TUCKER, ET AL., *v.* JOHN ARNITT, ET AL.

JAMES H. TUCKER'S ADM'R, ET AL., *v.* JAMES H. TUCKER, ET AL.

**Husband and Wife—Will—Advancement.**

Where the husband is indebted to the estate of a testator and there is nothing in the will indicating that the testator intends to charge the amount of such indebtedness to his daughter, who is the wife of such debtor, the same cannot be charged to such wife as an advancement.

**Memorandum.**

An unsigned memorandum in the handwriting of the testator to the effect that his daughter should be charged with the debt of her husband, whose note the testator held, does not change the legal effect of the clause in the will giving such daughter a part of his estate. It was only evidence of the intention of the testator to treat as an advancement that which by law is not an advancement.

APPEAL FROM MARION CIRCUIT COURT.

April 12, 1877.

OPINION BY JUDGE LINDSAY:

The petition of Arnitt, administrator, does not very clearly show whether he sought to recover on the note of $3,668.20 payable to his testator by James H. Tucker, or on the contract of assignment by which the latter transferred the notes on Garton and wife and Owsley to said testate. But the answer of James H. Tucker removes any uncertainty as to the nature of the issue, and the questions left to be determined by the pleadings, were whether James H. Tucker was legally bound to pay the $3,668.20 note, and if so, what credits he was entitled to on account of collections made on the assigned notes. These questions were correctly settled. The reasons given by the justice for his conclusions on this branch of the controversy are not only satisfactory, but conclusive, and we do not feel it is necessary that we shall repeat them.

We find no error in the proceedings in the court below or in its final judgment prejudicial to the rights of Arnitt, either in his personal or fiducial capacity, and whilst we think the amount allowed him on his account against the deceased was liberal, we cannot say it was too great.

The court erroneously charged Mrs. Gowell with the sum due by her husband on his note owing to the testator. That note was not released to her husband as a gift at any time prior to the testator's death. It was not given to him or to her by the will. It remained in the hands of the testator as a subsisting obligation, and passed at his death to his administrator. The unsigned memorandum made by the testator to the effect that Mrs. Gowell should be charged with the note does not affect her rights, and does not and cannot change the legal effect of the fifth item of the will. This memorandum remained in the testator's possession till his death. It did not confer upon Gowell or his wife any right, legal or equitable. It at most but evidenced the intention of the testator to treat as an advancement that which by law is not an advancement.

Under the provisions of the Revised Statutes this could not be done. The intention of the ancestor will be subordinated to the statute. *Stevenson v. Martin,* 11 Bush 485; *Bowles v. Winchester,* 13 Bush 1. This note cannot be charged to Mrs. Gowell as an advancement. Neither can she be compelled to pay it. Her husband

has not chosen to exercise his marital right to appropriate her legacy, and his creditor cannot compel him to do it.

The cause was submitted without first disposing of the motion to dismiss the appeal of Mrs. Gowell. We find that she has a meritorious ground of complaint, and as the motion to dismiss is being considered in connection with the material issues involved in the appeal it will be disposed of by a reversal of the judgment.

In all other respects the judgment of the court below is affirmed, but it is reversed for the correction of the error as to Mrs. Gowell, and remanded for such restatement of the accounts as the correction of that error may render necessary.

*Tucker's Administrator v. James H. Tucker, affirmed.*

*James H. Tucker v. Tucker's Administrator, affirmed* on original and also on cross-appeal.

*Gowell and Wife v. Tucker's Administrator, reversed.*

*W. H. Harrison, Lindsays,* for James H. Tucker, et al. .

*Russell & Arnitt,* for Tucker's Adm'r, et al.

*R. H. Rountree,* for appellees in part.